

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 22, 1952

Hon. Harrison Hall
County Attorney
Newton County
Newton, Texas

Opinion No. V-1559

Re: Authority of Kirbyville
Consolidated Independent
School District to require
that school taxes not be
collected by the Tax Asses-
sor-Collector of Newton
County, although the Tax
Assessor-Collector prepared
assessments and rolls prior

Dear Mr. Hall:

to this notice.

You request the opinion of this office upon
the following question: May the Board of Trustees of
a consolidated independent school district composed of
territory in two adjoining counties collect its taxes
through a tax collector appointed by the Board of Trus-
tees of the district notwithstanding the taxes may have
theretofore been assessed by the assessor-collector of
one of the counties?

Your question arises from the following facts:

"On March 29, A.D. 1952, Kirbyville
Ind. S. Dist. No. 905 of Jasper County,
and Call County Line Ind. S. Dist., in-
volving parts of both Jasper and Newton
Counties, Jasper County having control
of said County Line Dist., and on the
above date these two S. Dists. were con-
solidated by election, forming what is
now known as the Kirbyville Consolidated
Ind. Dist.

"In the years past, the Newton County
Tax Collector-Assessor, by agreement, has
been collecting the taxes for the said
County Line School Dist. and turning same
over to the school, according to the As-
sessments and rolls made up by the Assessor-
Collector of Newton County.

> "The assessment and rolls were made
> out for this year by the Assessor-Collector
> of Newton County. Thereafter, on the 29th
> of Sept., of this year, the Assessor-Collec-
> tor of Newton County, was notified by the
> newly formed school dist. not to collect
> said taxes."

We do not find it necessary to review the
steps leading up to the formation of the Kirbyville
Consolidated Independent School District as it pres-
ently exists. We assume that its formation and its
existence is in all respects legal. This being true,
it possesses all the power and authority in the mat-
ter of the assessment and collection of its taxes
conferred by the Legislature upon independent school
districts in general, and this without regard to the
prior procedure outlined in your letter as to the
Call County Line Independent School District which is
now consolidated with the Kirbyville Consolidated In-
dependent School District.

The Kirbyville Consolidated Independent School Dis-
trict, through its Board of Trustees, possesses the power
to elect to collect its taxes through its own tax
collector. That it is composed of territory in two
adjoining counties does not have the effect of separ-
ating, diminishing, or dividing the power which the
Board of Trustees has over the administration of the
affairs of the district, including the power of assess-
ing and collecting its taxes. The power of the Board
of Trustees is coextensive over all the territory of
the district.

Since the question you present is confined
to the authority of a collector of an independent
school district to collect the taxes of the district,
we do not find it necessary to decide the question of
the correlative power of the County Assessor-Collector
to collect the taxes of the school district under cer-
tain conditions provided by statute nor do we pass upon
the validity of the assessment. It is sufficient to
say that if statutory authority be found for the inde-
pendent school district through its Board of Trustees
to collect its own taxes and proceeds under such statu-
tory authority to appoint such collector, his authority
may not be questioned. Is there such statutory author-
ity? We think there is. Articles 2791-2792, V.C.S.,
provide in part as follows:

"Art. 2791. . . . There is hereby created the office of assessor and collector of each independent school district, whether created by special or general law, who shall be appointed by the Board of Trustees thereof, and shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the assessor and collector of taxes in and for any incorporated city, town or village, or upon the person or officer legally performing the duties of such assessor and collector, and he shall receive such compensation for his services as the Board of Trustees may allow, except in cities and towns provided for, not to exceed four (4) per cent of the whole amount of taxes received by him. He shall give bond in double the estimated amount of taxes coming annually into his hands, payable and to be approved by the president of the Board, conditioned for the faithful discharge of his duties, and that he will pay over to the treasurer of the Board all funds coming into his hands by virtue of his office as such assessor and collector; . . ."

"Art. 2792. . . . When a majority of the Board of Trustees of an independent district prefer to have the taxes of their district assessed and collected by the county assessor and collector, or by the city assessor and collector, of an incorporated city or town in the limits of which the school district, or a part thereof is located, or collected only by the county or city tax collector, same may be assessed and collected, or collected only, as the case may be, by said county or city officers, as may be determined by the Board of Trustees of said independent school district, and turned over to the treasurer of the independent school district for which such taxes have been collected. . . ."

This department has heretofore, in Opinion O-1407 (1939), ruled as follows:

"There can be no question but that
an independent school district which has
property in two different counties could
employ one collector to collect its taxes
in both of said counties."

We do not think that the fact that the taxes
have heretofore been assessed upon a roll prepared by
the County Assessor-Collector /of one or both of the
assessor-collectors of the two counties in which the
Kirbyville Consolidated Independent School District has
territory/ militates against the conclusion we have
reached that the Kirbyville Consolidated Independent
School District through its Board of Trustees, has the
authority to collect its own taxes. /Statutory author-
ity exists for the collection by an independent tax
collector, notwithstanding the assessment was made by
the County Tax Assessor-Collector. In other words, the
assessor and collector may be different, depending upon
the election made by the Board of Trustees as to how
the matter is to be handled./

In other words, the Kirbyville Consolidated
Independent School District is in effect a new independ-
ent district unaffected by the prior districts entering
into its consolidation. In the absence of an election
by an independent school district to avail itself of the
statutory privilege of having its taxes assessed and col-
lected by the County Tax Assessor-Collector, it possess-
es the power to have its own assessor and collector. It
appears from the undisputed facts disclosed by your let-
ter that the Kirbyville Consolidated Independent School
District desires to collect its own taxes which negatives
any intent to have them collected by the Tax Assessor-
Collector of Newton County.

### SUMMARY

An independent school district has au-
thority to designate and appoint, by appro-
priate order or ordinance of the Board of
Trustees of the district, a tax assessor-
collector for the district, or it may elect
to have this duty performed by the County
Assessor-Collector. The fact that a previous
assessment has been made by the County Asses-
sor-Collector does not preclude such inde-
pendent school district from collecting the

taxes assessed through the collector of
the independent school district upon the
roll made by the County Assessor-Collector.

APPROVED:                              Yours very truly,

W. V. Geppert                             PRICE DANIEL
Taxation Division                      Attorney General

E. Jacobson
Executive Assistant

                                       By  *L. P. Lollar*
Charles D. Mathews                         L. P. Lollar
First Assistant                                Assistant

LPL:wb